**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X Case No.
SALLIE CAPUTI-RICHARDS,

                            Plaintiff,                              **COMPLAINT**

          - against -                              **PLAINTIFF DEMANDS**
                                                                          **A TRIAL BY JURY**
CHUCK'S VINTAGE, INC., and
VINCENT CAMMARATA, *Individually*,

                            Defendants.
------------------------------------------------------------------------X

       Plaintiff SALLIE CAPUTI-RICHARDS, by and through her attorneys NISAR LAW GROUP, P.C., hereby complains of Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for failure and refusal to pay Plaintiff her earned wages pursuant to the New York State Labor Law, Articles 6 & 19 ("NYLL") and/ or for failure and refusal to pay Plaintiff minimum wage owed for work performed pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the NYLL.

2. Plaintiff also brings this action against Defendants for breach of contract as a result of Defendants' failure and refusal to pay Plaintiff an agreed upon amount for work performed.

3. As a result of Defendants' violations of the law, Plaintiff is entitled to: (a) the full amount of non-payment, (b) attorneys' fees and costs, (c) prejudgment interest, and (d) an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is proper under section 216(b) of the FLSA (29 U.S.C. § 216(b)) and 28 U.S.C. §§ 1331 and 1343.

5. The Court has supplemental jurisdiction over Plaintiff's claims brought under state and common law pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims have occurred.

## PARTIES

7. At all times relevant, Plaintiff SALLIE CAPUTI-RICHARDS ("Plaintiff") was and is a resident of the State of New York and New York County.

8. At all times relevant, Defendant CHUCK'S VINTAGE, INC. ("Defendant Chuck's Vintage") was and is a foreign business corporation, duly existing pursuant to, and by virtue of the laws of the State of California.

9. At all times relevant, Defendant Chuck's was and is a foreign business corporation that lawfully conducted business within the State of New York, and which owned, operated, and/ or maintained a retail store called "Chuck's Vintage" located at 173 East 91st Street, New York, NY 10128 (the "NYC Store").

10. At all times relevant, Defendant VINCENT CAMMARATA ("Defendant Cammarata") was and is an owner of Defendant Chuck's Vintage.

11. At all times relevant, Defendant Cammarata was Plaintiff's supervisor and had supervisory authority over Plaintiff, including the power to hire, fire, and/or directly affect the terms and conditions of Plaintiff's employment, as well as direct her daily work

2

activities.

12. Defendant Chuck's Vintage and Defendant Cammarata shall be herein referred to together as "Defendants."

13. At all times relevant, Defendants had the power to, and were responsible for, determining the wages to be paid to Plaintiff.

14. At all times relevant, Defendants had the power to, and did in fact, establish the terms and conditions of Plaintiff's employment, including Plaintiff's duties, schedule, and rate of pay.

15. The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work. As a result, including as further described below, Defendants are liable as "employers" under the FLSA.

16. Defendants are also jointly and severally liable as joint employers under 29 C.F.R. § 791.2 for the violations complained of herein.

17. Upon information and belief, and all times relevant, Defendants were engaged in interstate commerce within the meaning of the FLSA, in that Defendants: (a) had and have employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (b) had and have an annual gross volume of sales of not less than $500,000.00.

18. Further, upon information and belief, during Plaintiff's employment with Defendants, Plaintiff had routinely engaged in activities which facilitate or relate to interstate or foreign commerce, as well as handled goods and products that have been moved through

interstate commerce.

## MATERIAL FACTS

19. In or around mid-September 2021, Plaintiff began working for Defendants as "Store Manager" of Defendants' NYC Store, earning approximately $6,000 per month ($72,000 per year), which was paid to her habitually at the end of every calendar month.

20. Throughout her employment, Plaintiff was an overall good employee and enjoyed working for Defendants. Her job duties included, but were not limited to, acting as store manager which included opening and closing the store, creating weekly reports, handling and developing the store's social media, and facilitating transactions. She worked from 12:00 PM to 7:00 PM five days per week and averaged 35 hours of work per week.

21. However, things changed in January 2022 when Defendants completely ceased paying Plaintiff her earned wages altogether.

22. In fact, from January 1, 2022 through March 19, 2022, Plaintiff worked her ordinary schedule—as mentioned above—each and every week diligently and without interruption. However, despite repeated assurances from Defendant Cammarata that she would be paid, she was never paid any money for this work performed.

23. Specifically, on or about January 31, 2022, although Plaintiff was supposed to receive her paycheck for the month of January 2022 in the amount of $6,000, Defendants failed to pay Plaintiff any wages. In fact, although Plaintiff continued working for Defendants through March 19, 2022, Defendants never again paid Plaintiff any wages for her work, in violation of the FLSA and NYLL.

24. On or about March 19, 2022, due to the fact that Plaintiff hadn't been paid in almost three (3) months, Plaintiff let Defendant Cammarata know that she was unable to work until

Defendants paid her earned wages.

25. While Defendant Cammarata continued to assure Plaintiff that she would soon be paid, to date, Defendants has failed to pay Plaintiff any wages whatsoever.

26. Further, on or about March 27, 2022, when Plaintiff attempted to pick up some of her personal belongings from Defendants' NYC Store, she discovered that the locks were changed, and the store had been shut down and cleaned out.

27. Although Plaintiff has reached out to Defendant Cammarata on numerous occasions to learn the status of her employment and to collect her unpaid wages, Defendant Cammarata has completely ignored her.

28. As such, it is clear that Defendants terminated Plaintiff' employment as of that date, March 27, 2022.

29. As a result of the foregoing, Plaintiff is still owed a total of $17,032.25 (two months' of unpaid wages at a rate of $6,000 per month plus the work performed for 26 days in March 2022) in unpaid earned wages for work performed for Defendants.

30. The specific deduction in wages (by and through non-payment) is the $6,000 per month for the months January and February 2022, as well as the pro-rated amount for 26 of the 31 days in March 2022 (i.e., ~83.8% of that month), an amount which equals $5,032.25.

31. In the event Plaintiff is not entitled to recover unpaid wages at her salary rate (which, as mentioned, was $6,000 per month), she would be entitled to be paid minimum wage for all regular hours worked. Failure to pay minimum wage is a violation of both the FLSA and NYLL.

32. Plaintiff has been damaged by Defendants' failure to pay her lawfully earned wages.

33. Defendants' failure to pay Plaintiff her earned wages and benefits required by law has

been willful.

34. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Liquidated Damages as against both Defendants, jointly and severally.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## FAILURE TO PAY EARNED WAGES

36. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

37. Defendants failed and refused to pay Plaintiff her earned wages "not less frequently than semi-monthly, on regular pay days designated in advance by the employer," in violation of NYLL § 191(1)(d).

38. Pursuant to NYLL § 191(2), "No employee shall be required as a condition of employment to accept wages at periods other than as provided in this section."

39. No employer shall make any deduction from the wages of an employee, except under very specific circumstances. NYLL 193.

40. There is no exception to liability under the NYLL for the unauthorized failure to pay wages, benefits or wage supplements. See NYLL §§ 193(5), 198(3).

41. As a consequence, under NYLL § 198, Plaintiff is entitled to (a) the full amount of underpayment, (b) attorneys' fees and costs, (c) prejudgment interest, and (d) an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## <u>MINIMUM WAGE</u>

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

43. Defendants have willfully employed Plaintiff in the aforementioned enterprise and have failed to compensate Plaintiff at the required minimum hourly rate for her employment.

44. Defendants' failure to pay Plaintiff the mandated minimum hourly pay in accordance with the FLSA was and is a direct violation of the FLSA, specifically 29 U.S.C. § 206.

45. Defendants' failure to pay proper minimum wages for each hour worked was and is willful within the meaning of 29 U.S.C. § 255.

46. Defendants' failure to comply with the FLSA has caused Plaintiff to suffer loss of wages.

## AS A THIRD CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW § 652(1)
## <u>MINIMUM WAGE</u>

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

48. Plaintiff was an employee of Defendants within the meaning of the NYLL.

49. Defendants failed to pay Plaintiff the required minimum hourly wage rate for one hour of work.

50. Defendants violated Plaintiff's right to minimum wage pay under NYLL § 652(1); New York Labor Law, Article 19.

51. Defendants also violated New York's Minimum Wage Order of 12 NYCRR Part No. 142.

52. Defendants' actions were and are willful.

53. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants her unpaid minimum wage in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

**AS A FOURTH CAUSE OF ACTION**
**<u>BREACH OF CONTRACT</u>**

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

55. The agreement between the parties for work in exchange for payment constitutes a valid and enforceable contract.

56. Plaintiff has fully performed her obligations under their agreement.

57. Defendants have breached the agreement by willfully refusing to pay amounts they were and are aware were and are owed under the agreement.

58. Defendants breached the agreement by failing to pay Plaintiff her earned wages.

59. As a consequence of Defendants' breach, Plaintiff is entitled to all rights under the agreement.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the FLSA and the NYLL by failing to pay Plaintiff her earned wages and/or minimum wage;

B. Declaring that Defendants violated the NYLL when they failed to pay Plaintiff at the agreed-upon rate;

C. Declaring that Defendants violated the NYLL by making unlawful deductions from the money lawfully earned by Plaintiff for work performed.

D.     Declaring that Defendants breached a contract when they failed to pay Plaintiff pursuant to their agreement;

E.     Awarding damages to Plaintiff for all unpaid wages due under the FLSA, NYLL and common law;

F.     Awarding Plaintiff liquidated damages as a result of Defendants' willful failure to pay wages;

G.     Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

H.     Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
       July 28, 2022

                                              **NISAR LAW GROUP, P.C.**

By: _____
Casey Wolnowski, Esq.
*Attorneys for Plaintiff*
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, New York 10165
Ph: (646) 889-1007
Email: cwolnowski@nisarlaw.com