UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SALLIE CAPUTI-RICHARDS,

       Plaintiff,

-against-

CHUCK'S VINTAGE, INC. and VINCENT CAMMARATA,

       Defendants.

1:22-cv-06409 (JLR)

**MEMORANDUM OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff Sallie Caputi-Richards ("Plaintiff") asserts violations of the New York Labor Law §§ 190 *et seq.* ("NYLL") and the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") against her former employer, Defendant Chuck's Vintage, Inc. ("Defendant"). *See generally* ECF No. 1 ("Complaint"). Plaintiff commenced this action on July 28, 2022 and served Defendant on August 12, 2022. *See id.*; ECF No. 6. Defendant has not filed an answer or otherwise appeared. After Defendant's deadline to answer expired, Plaintiff requested and the Clerk of Court entered a certificate of default. *See* ECF No. 9. On February 21, 2023, Plaintiff moved for default judgment. ECF No. 20.

  On April 11, 2023, Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation ("Report"). ECF No. 29. The Report recommends that the Court grant Plaintiff's motion for default judgment. *Id.* The Report warns, in emphasized text, that failure to timely object within 14 days would result in waiver of the right to object and preclude appellate review. *Id.* at 14. Plaintiff served the Report on Defendant on April 13, 2023. ECF No. 30. Neither party has filed any objections to the Report.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Rule 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Rule 72(b)(2). "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Lifeguard Licensing Corp. v. Kozak*, 371 F. Supp. 3d 114, 118 (S.D.N.Y. 2019) (internal citation omitted); *Lee v. Lending Tree*, 473 F. Supp. 2d 435, 436 (S.D.N.Y. 2007) ("The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record."). A party's "failure to object timely to a report waives any further judicial review of the report" so long as the party received "'clear notice' of the consequences of their failure to object." *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see Lee*, 473 F. Supp. 2d at 436.

Here, the deadline to object to the Report passed on April 27, 2023 and no party has filed any objection. The Court has therefore reviewed the Report for clear error. *See Lifeguard Licensing Corp.*, 371 F. Supp. 3d at 118; *Lee*, 473 F. Supp. 2d at 436. The Report recommends that the Court enter default judgment in favor of Plaintiff and against Defendant, and award Plaintiff a total amount of $38,449.18. *See* Report at 13-14. That award consists of $16,500.00 in unpaid wages, $16,500.00 in liquidated damages, $4,947.18 in attorney's fees, and $502.00 in costs. *Id*. The Report recommends that judgment should include prejudgment interest at a rate of $4.07 per day from February 9, 2022 and continuing until the date judgment is entered on the unpaid wages. *Id*. Additionally, the Report recommends that, "if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total

amount of judgment shall automatically increase by fifteen percent." *Id*. at 13 (quoting N.Y. Lab. Law § 198(4)). The Court finds that the Report's reasoning and conclusions are sound, grounded in fact and law, and not clearly erroneous.

Accordingly, the Court adopts the Report in its entirety and GRANTS Plaintiff's motion for default judgment. The Clerk of Court is directed to enter default judgment against Defendant Chuck's Vintage, Inc. and in favor of Plaintiff Sallie Caputi-Richards in the total amount of $38,449.18, plus interest to be calculated by the Clerk of the Court at a rate of $4.07 per day from February 9, 2022 until the date judgment is entered. The text of the judgment should provide that if the judgment is not entirely paid within 90 days of judgment, or 90 days after the expiration of appeal, whichever is later, and no appeal is pending, then the total amount of judgment shall automatically increase by 15 percent.

The lack of any timely objections, in light of the clear notice provided in the Report, precludes appellate review of this decision. *See Frank*, 968 F.2d at 300; *Lee*, 473 F. Supp. 2d at 436.

Dated: May 1, 2023
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

3